Squire Patton Boggs (US) LLP
Thomas J. Lloyd (CA SBN # 305507)
thomas.lloyd@squirepb.com
475 Sansome Street, Suite 1600
San Francisco, California  94111
Telephone:      415 954 0200
Facsimile:       415 393 9887

Brent R. Owen, *pro hac vice*
brent.owen@squirepb.com
717 17th Street, Suite 1825
Denver, Colorado  80202
Telephone:      303 830 1776
Facsimile:       303 894 9239

Attorneys for Defendant
AML NETWORK LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAPIN,<br><br>    Plaintiff,<br><br>  v.<br><br>AML NETWORK LIMITED, a Hong Kong company,<br>JOHN DOE SENDERS 0-5,<br><br>    Defendants. | Case No. 5:22-CV-03158-EJD<br><br>**DEFENDANT AML NETWORK LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)(1), (2), AND 12(3) or, IN THE ALTERNATIVE FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**<br><br>Judge: Judge Edward J. Davila<br>Date:  February 23, 2023<br>Time: 9:00 a.m.<br>Crtrm: 4<br><br>Action Filed:  May 31, 2022<br><br>ORAL ARGUMENT REQUESTED |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. PLAINTIFF FAILS TO INTRODUCE ANY EVIDENCE—OR EVEN MAKE ANY ARGUMENT—THAT MIGHT SUPPORT THIS COURT'S EXERCISE OF PERSONAL JURISDICTION OVER HONG KONG-BASED AML.............................................................................................3

    A. Plaintiff fails to meet his burden of providing any admissible evidence to support this Court's exercise of jurisdiction over AML...........3

    B. Plaintiff's speculation that AML may have some irrelevant contact with Google cannot support jurisdiction over AML...................................5

    C. Nor is Arizona the correct forum merely because Plaintiff speculates that AML may contract with a domain-hosting company in Arizona........................................................................................................7

    D. Hong Kong is the only forum where Plaintiff might assert some claim against AML. ........................................................................................8

III. PLAINTIFF ADMITS THAT THIS CASE HAS NOTHING TO DO WITH CALIFORNIA, AND SO VENUE IS NOT PROPER HERE. TRANSFER TO ARIZONA IS IMPROPER BECAUSE THERE IS NO JURISDICTION THERE................................................................................8

IV. THE COURT LACKS SUBJECT MATTER JURISDICTION, AND AML'S PRIOR ARGUMENT IN *LYNCH* IS COMPLETELY CONSISTENT. ...................................................................................................9

V. PLAINTIFF FAILS TO STATE A CLAIM BECAUSE HE ADMITS AML DID NOT SEND THE ALELGEDLY ILLEGAL EMAILS.......................10

SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, Colorado 80202

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Alsop v. Carolina Custom Prods., Inc.*,
   No. 07-cv-0212, 2007 U.S. Dist. LEXIS 65679 (C.D. Cal. June 29, 2007) ...............................4

*Asahi Metal Industry Co. Ltd. v. Superior Court*,
   480 U.S. 102 (1987) ..................................................................................................................5

*Berg v. MTC Elecs Techs. Co.*,
   61 Cal. App. 4th 349 (1998) .....................................................................................................8

*Bragg Live Foods, Inc. v. Eco Action*,
   2016 U.S. Dist. LEXIS 186410 (C.D. Cal. Apr. 29, 2016) .......................................................7

*Bristol-Myers-Squibb v. Superior Court of California*,
   137 S. Ct. 1773 (2017) ..............................................................................................................4

*CrossFit, Inc. v. Fitness Trade sp. z.o.o.*, No. 18-CV-29303-CAB-BLM, 2020 U.S. Dist. LEXIS
   204853 (S.D. Cal. Nov. 2, 2020) ..............................................................................................5

*DFSB Kollective Co. Ltd. v. Bourne*,
   897 F. Supp. 2d 871 (N.D. Cal. 2012) ......................................................................................6

*Future World Elecs., LLC v. Results HQ, LLC*,
   No. CV 17-17982, 2018 U.S. Dist. LEXIS 88979 (E.D. La. May 29, 2018) ........................6, 7

*Heighley v. J.C. Penney Life Ins. Co.*,
   257 F. Supp. 2d 1241 (C.D. Cal. 2003) ....................................................................................3

*Hungerstation LLC v. Fast Choice LLC*,
   No. 19-cv-05861-HSG, 2020 U.S. Dist. LEXIS 5442 (N.D. Cal. January 13, 2020) ...............6

*Int'l Shoe Co. v. Wash.*,
   326 U.S. 310 (1945) ..................................................................................................................5

*Medbox Inc. v. Kaplan*,
   2013 U.S. Dist. LEXIS 164505 (D. Ariz. Nov. 19, 2013) .....................................................2, 9

*NuboNau, Inc. v. NB Labs, Ltd.*,
   No. 10cv2631-LAB (BGS), 2012 U.S. Dist. LEXIS 32963, 2012 WL 843503 (S.D. Cal. Mar.
   9, 2012) .....................................................................................................................................6

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
   52 F.3d 267 (9th Cir. 1995) ......................................................................................................4

SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, Colorado 80202

*Panavision Int'l, L.P. v. Toeppen*,
   141 F.3d 1316 (9th Cir. 1998) .................................................................................................9

*Piedmont Label Co. v. Sun Garden Packing Co.*,
   598 F.2d 491 (9th Cir. 1979) ...................................................................................................9

*Prof'l Healthcare Billing Servs., LLC v. Chesapeake Hospitalists*,
   No. SACV 12-1292 DOC (ANx), 2013 U.S. Dist. LEXIS 199800, *9 (C.D. Cal. Feb. 28, 2013) .......................................................................................................................................3

*Ray v. Experian*,
   3:07-CV-1114-R, 2007 U.S. Dist. LEXIS 88425 (N.D. Tex. Nov. 30, 2007) ..........................7

*Rupert v. Bond*,
   68 F. Supp. 3d 1142 (N.D. Cal. 2014) ....................................................................................4

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ...................................................................................................3

*Silverstein v. Experienced Internet Com., Inc.*,
   No. C 05-0160 PVT, 2005 U.S. Dist. LEXIS 50499 (N.D. Cal. July 8, 2005) .......................3

*Taylor v. List*,
   880 F.2d 1040 (9th Cir. 1989) .................................................................................................3

*Walden v. Fiore*
   571 U.S. 277 (2014) .......................................................................................................1, 5, 8, 9

*Zoobuh, Inc. v. Williams*,
   2014 U.S. Dist. LEXIS 175737 (D. Utah, Dec. 18, 2014) .......................................................2

**STATUTES**

S.D.C.L. § 37-24-42, 48 ................................................................................................................10

S.D.C.L. § 37-24-47 .......................................................................................................................10

Defendant AML Network, Ltd. ("AML") respectfully submits the following Reply in support of its motion to dismiss with prejudice all claims asserted against it in Plaintiff Joshua Lapin's ("Plaintiff") Complaint. (AML's Motion, *see* Doc. 26, filed Sept. 26, 2022.)

## I.  **INTRODUCTION**

Plaintiff is a self-described "digital nomad" with no connection to California who received 223 allegedly unsolicited emails (the "Emails") from someone other than Defendant AML. It is undisputed that AML did not send the Emails. (Motion, Ex. 3, ¶ 14.) Nonetheless, Plaintiff asks this California Court to hold AML liable for the Emails someone else sent because the Emails allegedly violate South Dakota's Deceptive trade Practices Statute, ("SD Anti-Spam Law"). AML seeks dismissal of Plaintiff's action.

In Response, Plaintiff offers no admissible evidence or case law that might support his unorthodox claim—just colorful language, commentary, and conjecture. (Plaintiff's Response, *see* Doc. 32, filed Oct. 6, 2022). Indeed, Plaintiff does not argue that Hong Kong-based AML is subject to general jurisdiction in California. (Response at 3.) And he concedes that AML did not send the Emails. (*Id.* (stating that AML "is not alleged to have sent" the Emails).) He explains also that he is "NOT a California resident, does not know or care if any of the [Emails] were received in California or by California residents." (Response at 6.) This Court should dismiss on four grounds.

First, there is no personal jurisdiction over AML. Plaintiff argues that this Court can exercise jurisdiction over AML because AML allegedly operates irrelevant "apps" hosted by Google, and Plaintiff has a Google email address. (Response at 2-4, 6 ("Plaintiff also agreed to the Google Terms of Service because he received all of the spams at issue at his Google email address[.]")) Neither Plaintiff's speculation about AML's (irrelevant) relationship with Google, nor Plaintiff's Google email address support this Court's exercise of jurisdiction over AML. It is settled law that "plaintiff cannot be the only link between the defendant and the forum[;] it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore* 571 U.S. 277, 285 (2014) (citation omitted). Applying this blackletter law, numerous courts have considered and properly rejected Plaintiff's argument to expand jurisdiction to reach any peripheral internet activity that might implicate some

1 California technology company. (Motion, Ex. 2, final order on AML's Motion to Dismiss in *Lynch v. AML*, CV-21-3574-GW-RAOx, ECF No. 39 (October 18, 2021) (rejecting similar argument about alleged use of PayPal: "If its use were sufficient for jurisdiction, California courts would have jurisdiction over every tort and contract claim involving PayPal—regardless of where the parties are located and the injuries occurred. That simply is not consistent with the requirement of due process." (quoting *Bragg Live Foods, Inc. v. Eco Action*, 2016 U.S. Dist. LEXIS 186410, at *7 (C.D. Cal. Apr. 29, 2016).) Nor should the Court entertain Plaintiff's equally flawed argument for jurisdiction in Arizona based on a different, also irrelevant contract that Plaintiff speculates exists between AML and some unspecified domain-hosting company. *See Zoobuh, Inc. v. Williams*, 2014 U.S. Dist. LEXIS 175737, at *1, *13-14 (D. Utah, Dec. 18, 2014) (granting defendant's motion to dismiss for lack of personal jurisdiction; holding that the defendant there—just like AML—did not "directly [take] any actions that are the subject of this litigation").

Second, there is no venue for this dispute in this Court because Plaintiff disclaims any connection at all to California. Venue requires a "substantial part of the events" that are "material" to the claim to "have occurred" in California; yet, in his Response, Plaintiff emphasizes the opposite—his complete lack of connection to California. *Compare Medbox Inc. v. Kaplan*, 2013 U.S. Dist. LEXIS 164505, at *6 (D. Ariz. Nov. 19, 2013) (citing 28 U.S.C. § 1391(b)(2)), *with* Response at 6 (emphasizing that Plaintiff's lawsuit has nothing to do with California).

Third, this Court also lacks subject matter jurisdiction over this lawsuit. Plaintiff claims in conclusory fashion that he has standing and is within the zone-of-interest for the SD Anti-Spam Law; his principal argument is to mention that AML previously argued that different spam-email plaintiffs suing under a different law (in *Lynch*) had standing. (Response at 6-7, 10.) Like many other arguments Plaintiff advances, that is irrelevant. Plaintiff in this case lacks standing because he fails to allege an injury-in-fact (unlike the plaintiff in *Lynch*), and he is not within the zone-of-interest for the SD Anti-Spam Law. (Motion at 18.)

Finally, Plaintiff's complaint fails to state a cognizable claim. Plaintiff admits that AML did not send the Emails, and he does not allege AML authorized anyone to send the Emails. (Response at 6-7, 14-15.) Indeed, Plaintiff does not explain how or why AML can be liable under

a statute that applies exclusively to a party who *sends* a spam email. This defect is fatal to Plaintiff's complaint.

## II. PLAINTIFF FAILS TO INTRODUCE ANY EVIDENCE—OR EVEN MAKE ANY ARGUMENT—THAT MIGHT SUPPORT THIS COURT'S EXERCISE OF PERSONAL JURISDICTION OVER HONG KONG-BASED AML.

### A. Plaintiff fails to meet his burden of providing any admissible evidence to support this Court's exercise of jurisdiction over AML.

AML's Motion seeking dismissal for lack of jurisdiction is evidentiary; Plaintiff must oppose it with admissible evidence. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (affirming dismissal for lack of jurisdiction because plaintiff failed to meet his burden). Where, as here, a plaintiff fails to introduce evidence to establish personal jurisdiction, the Court should grant the motion. *See Prof'l Healthcare Billing Servs., LLC v. Chesapeake Hospitalists*, No. SACV 12-1292 DOC (ANx), 2013 U.S. Dist. LEXIS 199800, *9 (C.D. Cal. Feb. 28, 2013) (dismissing action for lack of personal jurisdiction because plaintiff "failed to present evidence establishing that Defendants purposefully availed themselves of the privilege of conducting business in California"). Plaintiff cannot establish jurisdiction with "bare formulaic accusations" of contacts with California. *Schwarzenegger*, 374 F.3d at 800.

Plaintiff offers no admissible evidence in opposition. Civil Local Rule 7-6 required Plaintiff to raise any factual contention through a "declaration" or other "written evidence." Plaintiff failed to do so. Even giving Plaintiff the benefit of the doubt, in his Response Plaintiff does not offer any evidence that would be admissible if placed into a declaration; nothing in Plaintiff's response meets the requirements for a declaration, that it: (1) be based on personal knowledge, (2) set forth facts that would be admissible in evidence, and (3) show that the declarant is competent to testify concerning the facts at issue. *Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241, 1251 (C.D. Cal. 2003); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (opining that evidence offered "solely on conclusory allegations" is insufficient). Because Plaintiff fails to provide evidence to support jurisdiction, his complaint should be dismissed. *See Silverstein v. Experienced Internet Com., Inc.*, No. C 05-0160 PVT, 2005 U.S. Dist. LEXIS 50499, *5 (N.D. Cal. July 8, 2005) (dismissing for lack of personal jurisdiction where plaintiff alleged generally that defendant "sent

1  multiple commercial email messages to plaintiff"; unlike Plaintiff, that plaintiff was at least a
2  California resident, but that Court properly concluded that the plaintiff's California residence was
3  insufficient).

4        Even if this Court treats Plaintiff's arguments in his Response as "evidence," he fails to
5  meet his burden. As explained in the Motion (5-13), specific jurisdiction exists only if Plaintiff's
6  action arises out of or is sufficiently related to AML's contacts with the forum. *Bristol-Myers-*
7  *Squibb v. Superior Court of California*, 137 S. Ct. 1773, 1780 (2017). The Ninth Circuit follows a
8  three-part test requiring Plaintiff to provide admissible evidence that: (1) the foreign defendant
9  purposefully availed itself of the forum; (2) Plaintiff's claim arise out of or result from the
10 defendant's actions; and (3) the exercise of jurisdiction would be reasonable. *Omeluk v. Langsten*
11 *Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

12       Plaintiff does not present any evidence to meet any one of the three factors. Rather, Plaintiff
13 is emphatic that—besides a Google email account—he does not have any connection to California
14 whatsoever. (Response at 6.) And AML's undisputed evidence is consistent: AML does not send
15 any emails, someone else does, and AML does not have any connection to California. (Motion,
16 Ex. 3, ¶ 11.) This alone supports dismissal. *Alsop v. Carolina Custom Prods., Inc.*, No. 07-cv-
17 0212, 2007 U.S. Dist. LEXIS 65679, *7 (C.D. Cal. June 29, 2007).

18       Likewise, Plaintiff offers no evidence that his claim arises out of AML's California-related
19 activity. That is because AML has nothing to do with California. It is undisputed that AML, a
20 foreign company, does not target California, operate in California, or otherwise do anything of
21 jurisdictional relevance in California. (Motion, Ex. 3.) And, for the Emails, AML could not target
22 California because—unlike phone numbers (with area codes)—email addresses are not associated
23 with a particular location. *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1168 (N.D. Cal. 2014) ("The
24 connection between the place where an email is opened and a lawsuit is entirely fortuitous."
25 Explaining further that "email does not exist in any location at all."). At base, Plaintiff's argument
26 for jurisdiction misses the mark because "the plaintiff cannot be the only link between the defendant
27 and the forum"; rather, it is AML's "conduct that must form the necessary connection with the
28

1  forum state," and because there is none here, this Court cannot properly exercise jurisdiction over
2  AML in a manner consistent with due process. *Walden*, 571 U.S. at 285 (citation omitted).

3      Finally, it would be fundamentally unfair to subject AML to jurisdiction in this Court. *See*
4  *Asahi Metal Industry Co. Ltd. v. Superior Court*, 480 U.S. 102, 113 (1987). Plaintiff does not make
5  any argument to the contrary, nor does he offer any contention to contradict AML's well-supported
6  declaration explaining why California is an acutely unfair jurisdiction for this dispute. (Motion,
7  Ex. 3, ¶¶ 12-15.); *see Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (opining that personal
8  jurisdiction requires "certain minimum contacts" with the forum "such that the maintenance of the
9  suit does not offend 'traditional notions of fair play and substantial justice'" (quoting *Milliken v.*
10 *Meyer*, 311 U.S. 457, 463 (1940)).

11     **B.    Plaintiff's speculation that AML may have some irrelevant contact with
12     Google cannot support jurisdiction over AML.**

13     Plaintiff contends that a contract AML *might* have with non-party Google (or non-party
14 domain hosts) can salvage jurisdiction over AML. (Response at 4, 8-9.) Though Plaintiff admits
15 that he "is not and does not pretend to be Google LLC," he contends he is entitled to invoke
16 Google's (alleged) contract with AML as a basis for jurisdiction. (*Id.* at 4.) Plaintiff argues, more
17 precisely that because AML appears to use Google for some app unrelated to this lawsuit, and
18 because Google's standard terms and conditions include a California forum-selection clause,
19 Plaintiff's claim must also be proper in this Court. (*Id.*) Or—a bit later—Plaintiff makes the same
20 argument about domain names; that because AML perhaps uses domain names with forum-
21 selection clauses in Arizona, an Arizona Court has jurisdiction over AML. (Response at 8-10.)

22     Plaintiff is mistaken. Numerous courts have properly rejected Plaintiff's limitless
23 conception of personal jurisdiction because "a defendant [cannot] be haled into court in a forum
24 State . . . based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with
25 other persons affiliated with the State." *Walden*, 571 U.S at 286; *see, e.g.*, *CrossFit, Inc. v. Fitness*
26 *Trade sp. z.o.o.*, No. 18-CV-29303-CAB-BLM, 2020 U.S. Dist. LEXIS 204853, *15 (S.D. Cal.
27 Nov. 2, 2020) (gathering cases and opining that "'the mere location of a third party or its servers is
28 insufficient to give rise to personal jurisdiction'" (citations omitted); *Hungerstation LLC v. Fast*

SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, Colorado 80202

*Choice LLC*, No. 19-cv-05861-HSG, 2020 U.S. Dist. LEXIS 5442, *15 (N.D. Cal. January 13, 2020) (explaining that "the presence of servers in California (which may or may not host [relevant information]) is insufficient to find that Defendants expressly aimed their conduct at California. That these well-known Silicon Valley technology companies host client data from all over the world on servers located in California (and elsewhere in the United States) is pure happenstance." (gathering cases).

In *CrossFit, Inc.*, CrossFit argued for jurisdiction in California on the attenuated reasoning Plaintiff offers. Plaintiff mentions AML's alleged Google apps, and CrossFit relied on the defendant's alleged Facebook or Instagram account. The fatal defect is the same: That AML *might* have some relationship with Google through unrelated apps is not a basis for jurisdiction in California. Namely, "basing personal jurisdiction on [nonresident AML's] operation of a [Google app] would expand the reach of California's long-arm statute beyond the bounds permitted by the Due Process Clause. District Courts in this circuit have repeatedly held that 'merely operating an account on a California-headquartered company's platform is insufficient' to establish personal jurisdiction." 2020 U.S. Dist. LEXIS 204853, at *18 (gathering cases); *see also DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 882-83 (N.D. Cal. 2012) (rejecting argument that maintaining accounts on California-headquartered Internet companies' websites was sufficient to show express aiming at the California market because it "would subject millions of persons around the globe to personal jurisdiction in California"); *NuboNau, Inc. v. NB Labs, Ltd.*, No. 10cv2631-LAB (BGS), 2012 U.S. Dist. LEXIS 32963, at *6 (S.D. Cal. Mar. 9, 2012) ("With *Burger King* in mind, the Court doesn't find that merely engaging Twitter and Facebook to promote one's business constitutes purposeful direction at California, simply because Twitter and Facebook happen to be based there and require users to litigate all lawsuits arising out of their accounts in California."). Said another way, the Google-app connection is the kind of "fortuitous" or "happenstance" connection to California that does not support jurisdiction. *See Future World Elecs., LLC v. Results HQ, LLC*, No. CV 17-17982, 2018 U.S. Dist. LEXIS 88979, *8 (E.D. La. May 29, 2018) (rejecting argument for personal jurisdiction in a case with far more extensive contacts with the forum than this case; observing that "the location of the server" was "fortuitous" and there "is no indication

1  that either plaintiff or defendants had any control over the server's location, or that the location had
2  any bearing on defendants' conduct").

3  Another version of Plaintiff's AML-uses-Google-argument is sometimes made with respect
4  to PayPal. Courts reject that argument for the same reason this Court should reject Plaintiff's
5  argument: "isolated and sporadic" contact unrelated to the actual claim at issue simply cannot
6  support the Court's exercise of jurisdiction in a manner compatible with due process. *See Bragg*
7  *Live Foods,* 2016 U.S. Dist. LEXIS 186410, *at* \*7 ("PayPal is available for transactions from
8  around the world. If its use were sufficient for jurisdiction, California courts would have
9  jurisdiction over every tort and contract claim involving PayPal—regardless of where the parties
10 are located and the injuries occurred. That simply is not consistent with the requirements of due
11 process.").

      **C.    Nor is Arizona the correct forum merely because Plaintiff speculates that AML may contract with a domain-hosting company in Arizona.**

14 The same logical flaw that dooms Plaintiff's Google-App argument dooms his Arizona-
15 server argument. This case does not belong in Arizona either. Namely, Plaintiff's allegation that
16 AML may host some website on a server with a forum-selection clause in Arizona is irrelevant to
17 determine whether that Arizona Court can exercise personal jurisdiction over Hong Kong Based
18 AML for Emails AML undisputedly did not send. A plaintiff may not "rely on the fortuitous
19 location" of a server to establish personal jurisdiction over a defendant who accessed that server.
20 *Future World Elecs., LLC*, 2018 U.S. Dist. LEXIS 88979, at \*8. Rejecting a similar argument, one
21 court explained that such a connection was simply not "purposeful availment":

> [Plaintiff] has alleged that BB&T's electronic communication with Experian's computer servers in Texas concerning [plaintiff's] credit reports subjects BB&T to specific jurisdiction. However, accessing or sending data in North Carolina to or from a database which happens to be headquartered in Texas is not a *purposeful* availment by BB&T of the benefits and protections of Texas' laws.

*Ray v. Experian*, 3:07-CV-1114-R, 2007 U.S. Dist. LEXIS 88425, \*8-9 (N.D. Tex. Nov. 30, 2007)
(citing *Burger King Corp.*, 471 U.S. at 477-78).

SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, Colorado 80202

Plaintiff's argument is particularly flawed here because AML undisputedly did not even send the Emails—making the location of its servers entirely irrelevant. "Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendants"; thus, the United States Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between plaintiff (or third parties) and the forum State." *Walden*, 571 U.S. at 284. Accepting Plaintiff's argument that jurisdiction in an Arizona Court is somehow proper turns this principal upside down.

### D. Hong Kong is the only forum where Plaintiff might assert some claim against AML.

Plaintiff's complaint relies extensively on AML's terms and conditions. (Compl., ¶¶ 15-18.) Yet Plaintiff now disavows those arguments and suggests that he has no connection to AML or the terms and conditions relied on his complaint. (Response at 15.) In other words, Plaintiff would like to rely on Google's terms of service (which have no relation to this case), and asks the Court to ignore the actually relevant terms of service according to his own pleadings—AML's. (Motion, Ex. 3, ¶ 22.) Plaintiff cannot simply disavow his own pleadings when it suits his interests. He claims a relationship with AML, including quoting extensively from the terms and conditions. It follows that for whatever relationship exists between AML and Plaintiff, his claims are subject to a forum-selection clause that demands resolution in Hong Kong. *See Berg v. MTC Elecs Techs. Co.*, 61 Cal. App. 4th 349, 358 (1998).

### III. PLAINTIFF ADMITS THAT THIS CASE HAS NOTHING TO DO WITH CALIFORNIA, AND SO VENUE IS NOT PROPER HERE. TRANSFER TO ARIZONA IS IMPROPER BECAUSE THERE IS NO JURISDICTION THERE.

Plaintiff makes clear that his lawsuit has no connection to California:

> The instant plaintiff is NOT a California resident, does not know or care if any of the spams were received in California or by California residents, because the instant plaintiff has come to understand that nothing to that effect would matter.

SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, Colorado 80202

(Response at 6.)

It follows that Plaintiff does not meet his burden of "showing that venue was properly laid in the Northern District of California." *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Indeed, Plaintiff concedes that nothing related to his claim occurred in California and he "does not care" if anything happened in California. That means that venue is not proper in this Court. *Medbox*, 2013 U.S. Dist. LEXIS 164505, at *6 (holding that venue requires "significant events or omissions material to the plaintiff's claim must have occurred" in the district).

Plaintiff is incorrect that this Court should transfer this case to Arizona. (Response at 8.) As mentioned above, Plaintiff's argument is that AML (perhaps) has a relationship with some domain name third-party like NameCheap, Inc. or ENOM, Inc. That is irrelevant. Even if AML owns domain names with some Arizona-based company (Plaintiff offers no evidence of this) that connection does not give an Arizona Court jurisdiction over AML for Plaintiff's completely unrelated lawsuit about Emails sent by someone else. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) (holding that registration of "a domain name . . . is not sufficient to subject a party" to jurisdiction in that state; observing, correctly, that there "must be 'something more'" to establish that defendant directed his activity towards the forum state"); *see Walden*, 571 U.S. at 291 (explaining that third-party conduct cannot create jurisdiction over a plaintiff; the "relevant conduct occurred entirely in Georgia" so plaintiffs' "connections with the forum State does not suffice to authorize jurisdiction").

## IV. THE COURT LACKS SUBJECT MATTER JURISDICTION, AND AML'S PRIOR ARGUMENT IN *LYNCH* IS COMPLETELY CONSISTENT.

Plaintiff fails to explain why he has standing. Instead, Plaintiff mentions AML's argument in *Lynch*—a case under a different law with different allegations and California residents. Unlike the *Lynch* Plaintiffs (who alleged harm they suffered from receipt of emails) Plaintiff fails to allege that he suffered any cognizable harm. This defeats his claim for lack of standing. (Motion at 19-22.)

Further, Plaintiff's injuries—as plead—do not fall within the zone-of-interest for the SD Anti-Spam law. The law only protects the recipient of an unsolicited email at a "South Dakota

SQUIRE PATTON BOGGS (US) LLP
717 17th Street, Suite 1825
Denver, Colorado 80202

electronic mail address." S.D.C.L. § 37-24-42, 48.  As explained in the Motion, and unrebutted by Plaintiff, he simply does not qualify for this protection.  (Motion at 20, 21.)

### V. PLAINTIFF FAILS TO STATE A CLAIM BECAUSE HE ADMITS AML DID NOT SEND THE ALELGEDLY ILLEGAL EMAILS.

Plaintiff does not rebut AML's central argument for defeating his claim as a matter of law: AML did not send the Emails or authorize the sending of the Emails.  (Motion at 20-22.)  In fact, he concedes that AML did not send the Emails throughout his Response.  (Response at 1, 3, 6.)  Plaintiff's admission is fatal because the statute does not make AML liable for appearing in ads; it only makes AML liable for sending emails—or directing others to do so.  S.D.C.L. § 37-24-47.  Because Plaintiff fails to allege that occurred, his claim fails as a matter of law.

The Court should dismiss Plaintiff's action.

Dated:  October 14, 2022                    Squire Patton Boggs (US) LLP


By: *Brent R. Owen*
Brent R. Owen
Attorney for Defendant
AML NETWORK LIMITED