Squire Patton Boggs (US) LLP
Thomas J. Lloyd (CA SBN # 305507)
thomas.lloyd@squirepb.com
475 Sansome Street, Suite 1600
San Francisco, California 94111
Telephone:     +1 415 954 0200
Facsimile:      +1 415 393 9887

Brent R. Owen, *pro hac vice*
brent.owen@squirepb.com
717 17th Street, Suite 1825
Denver, Colorado 80202
Telephone:     +1 303 830 1776
Facsimile:      +1 303 894 9239

Attorneys for Defendant
AML NETWORK LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSHUA LAPIN,<br><br>        Plaintiff,<br><br>    v.<br><br>AML NETWORK LIMITED, a Hong Kong company,<br>JOHN DOE SENDERS 0-5,<br><br>        Defendants. | Case No. 5:22-CV-03158-NC<br><br>**DEFENDANT'S SECOND CASE MANAGEMENT STATEMENT**<br><br>District Judge Edward J. Davila |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, and this Court's Standing Order on Case Management Statements, Defendant AML Network Limited ("AML") hereby submits its Case Management Statement. In light of Plaintiff, Joshua Lapin, appearing pro-se, AML files this as its separate case management statement. Civ-L.R. 16-9(a). This case management statement includes the same information provided in the previous case management statement because AML's Motion to Dismiss remains pending.

AML files this case management statement without consenting to this Court's jurisdiction and without conceding that venue in this Court is proper, and subject to its pending Motion to Dismiss. AML opposes this Court exercising jurisdiction over it. [Dkt. 26].

**1.    Jurisdiction and Service:**

AML wishes to preserve its arguments that this Court lacks jurisdiction and that venue in this Court is improper, as explained in AML's pending Motion to Dismiss. [Dkt. 26].

The Court lacks personal jurisdiction over this dispute involving a Hong Kong company. AML does not reside in California, nor does it operate or conduct business in California, and has not purposefully directed any conduct giving rise to Plaintiff's claims in California.

Additionally, there is no venue for this dispute in the Northern District of California because AML is a Hong Kong based company, and none of the events or omissions giving rise to the claim occurred in the Northern District of California. Plaintiff asserts that all of the alleged unsolicited commercial emails that are the subject of his cause of action, were sent to his South Dakota email address and that the cause of action occurred in the state of South Dakota. None of the events material to Plaintiff's claim involved either the Plaintiff or AML being present in California.

As far as AML is aware, defendant John-Doe Senders 0-5 has not been served.

**2.    Facts:**

Plaintiff asserts a single claim against AML, arising out of his receipt of 223 allegedly unsolicited commercial emails, which he contends violated South Dakota's Deceptive Trade Practices Statute, § 37-24-41, *et seq*.

AML denies that this Court has jurisdiction over it, and that this Court is the proper venue for Plaintiff's claim. AML further asserts that Plaintiff's claims do not fall within the zone of interests of South Dakota's Deceptive Trade Practices Statute, § 37-24-41, *et seq*, under which he sues. AML denies that it sent the allegedly illegal emails, and denies that it is vicariously liable for the allegedly illegal emails.

DEFENDANT'S CASE MANAGEMENT STATEMENT
5:21-CV-09710

**3.      Legal Issues:**

AML's pending Motion to Dismiss, identifies the following issues to be decided:

    1)  Whether the Court lacks personal jurisdiction over AML, a Hong Kong company with no connection to California, which did not purposefully avail itself of the privilege of conducting business in California, and did not consent to the jurisdiction of this Court. Further, jurisdiction is improper because Plaintiff agreed that any dispute with AML is subject to exclusive jurisdiction in Hong Kong.

    2)  Whether venue in this Court is improper because nothing about Plaintiff's lawsuit implicates California at all.

    3)  Whether Plaintiff—who does not allege any injury—has standing to assert his claims against AML, including whether Plaintiff's claims fall within the zone of interests of South Dakota's Deceptive Trade Practices Statute, § 37-24-41, *et seq*.

    4)  Whether Plaintiff's claims should be dismissed for failure to state a claim because Plaintiff does not allege AML Network sent the allegedly illegal emails, including failing to allege that AML Network is vicariously liable for the allegedly illegal emails.

**4.      Motions:**

AML's Motion to Dismiss, filed on September 23, 2022. [Dkt. 26]. Set for hearing 2/23/2023 at 9:00am.

AML's Administrative Motion requesting relief from the requirements of Rule 26(f), filed on September 27, 2022. [Dkt. 28]. No ruling.

**5.      Amendment of Pleadings:**

None at this stage.

**6.      Evidence Preservation:**

AML respectfully requests that the parties address this issue along with the remaining issues in Rule 26(f) and L.R. 26-1 following resolution of the pending Motion to Dismiss. Counsel for AML certifies that he has reviewed the Guidelines Relating to the Discovery of ESI, and that the parties have conferred as required under Rule 26(f).

DEFENDANT'S CASE MANAGEMENT STATEMENT
5:21-CV-09710

**7.     Disclosures**

No disclosures have been served. To preserve judicial resources, AML has proposed to stay all discovery in this matter pending resolution of the outstanding Motion to Dismiss. Plaintiff has opposed this request. As such, AML has filed an Administrative Motion requesting relief from the requirements of Rule 26(f). AML respectfully requests that the parties address the remaining issues in Rule 26(f) and L.R. 26-1 following resolution of the pending Motion to Dismiss.

**8.     Discovery**

No discovery has been taken to date. To preserve judicial resources, AML has proposed to stay all discovery in this matter pending resolution of the outstanding Motion to Dismiss. Plaintiff has opposed this request. As such, AML has filed an Administrative Motion requesting relief from the requirements of Rule 26(f). AML respectfully requests that the parties address the remaining issues in Rule 26(f) and L.R. 26-1 following resolution of the pending Motion to Dismiss.

**9.     Class Actions:**

This is not a class action.

**10.    Related Cases:**

AML is unaware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11.    Relief:**

Plaintiff asserts a single claim against AML, arising out of his receipt of 223 allegedly unsolicited commercial emails, which he contends violated South Dakota's Deceptive Trade Practices Statute, § 37-24-41, *et seq*.

Plaintiff seeks from AML, $223,000.00 in "statutory liquidated damages," pursuant to South Dakota's Deceptive Trade Practices Statute, § 37-24-48(2), made up on $1,000.00 per each of the 223 allegedly unsolicited commercial emails. [Comp. ¶ 28].

Plaintiff also seeks "reasonable costs associated with filing and maintaining th[e] action, and for service of process." *Id*.

AML denies that Plaintiff is entitled to the relief sought.

**12.    Settlement and ADR:**

There are no prospects of settling this case.

**13.    Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. No Court in the United States has jurisdiction over AML for purposes of this dispute, as explained in AML's Motion to Dismiss.

**14.    Narrowing of issues:**

AML's Motion to Dismiss, [Dkt. 26], alleging that this Court lacks jurisdiction and that venue in this Court is improper, will dispose of this case.

**15.    Expedited Trial Procedure:**

AML is of the view that this case cannot be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**16.    Scheduling:**

AML respectfully requests that the parties address the proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial, after this Court has ruled on AML's Motion to Dismiss, which AML believes will render those dates moot.

**17.    Trial:**

AML anticipates a jury trial in this matter would take 3 days.

**18.    Disclosure of Non-party Interested Entities of Persons:**

AML filed its "Certification of Interested Entities or Persons," as required by Civil Local Rule 3-15, on September 15, 2022. [Dkt. 25].

The following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1) Plaintiff JOSHUA LAPIN, an individual.

2) Defendant AML NETWORK LIMITED, a Hong Kong company, and a wholly owned subsidiary of ESH Corporation, a Marshal Islands company. ESH Corporation owns 100% of AML Network Limited's stock.

### 19. Professional Conduct:

All of AML's attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 20. Other

AML opposes discovery moving forward with the Motion to Dismiss pending. Requiring discovery will substantially harm AML, a Hong Kong company that contends that this Court does not have personal jurisdiction over it. AML should not be required to participate in discovery procedures pursuant to Federal Rule of Civil procedure 26 before its Motion to Dismiss for lack of personal jurisdiction (amongst other things) is decided.

Moreover requiring the parties prior to that time to meet and confer to develop a case schedule and discovery plan and prepare the associated Rule 26(f) Report is futile.

Dated: February 3, 2023              Squire Patton Boggs (US) LLP


By: /s/ Brent R. Owen
Brent R. Owen
Attorney for Defendant
AML NETWORK LIMITED